**UNITED STATES of America,**
**Appellee,**

v.

**Lovell LEE, Angel Reyes and George Morillo, Defendants,**

**Angel Lozano, Defendant–Appellant.**

**No. 02–1771.**

United States Court of Appeals,
Second Circuit.

Feb. 16, 2005.

Lawrence Mark Stern, New York, NY, for Appellant.

David B. Anders, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Miriam E. Rocah and Karl Metzner, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, HALL, and JOHN R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Angel Lozano appeals from a judgment of conviction entered on December 18, 2002, in the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge*), following a jury trial. On appeal, Lozano argues that (1) the evidence presented against him was insufficient to sustain the jury's finding of guilt; (2) the admission of a co-conspirator's guilty-plea allocution violated Lozano's Sixth Amendment right to confront witnesses against him; (3) various statements made by the government during its closing argument deprived Lozano of a fair trial; (4) the district court's instructions to the jury erroneously implied that Lozano could be convicted of conspiracy based on a single act, without regard to the nature of that act; and (5) the district court erred in admitting evidence seized in violation of Lozano's Fourth Amendment rights. Familiarity with the facts and proceedings below is assumed. We affirm.

■ With regard to Lozano's first claim, we find that there was sufficient admissible evidence presented at trial to support the jury's verdict. "In assessing a factual sufficiency challenge, we review the evidence in its totality, and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." *United States v. Salmo-*

---

* The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

*nese,* 352 F.3d 608, 618 (2d Cir.2003) (citations omitted). Under this standard of review, we ask whether a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Jackson,* 368 F.3d 59, 63 (2d Cir.2004). The evidence at trial included eyewitness testimony that Lozano had closed the garage door and locked the security gate as he exited the warehouse where a major marijuana-production conspiracy operated. Lozano owned the van that was seized (with Lozano in the driver-side seat) as it drove away from the warehouse, and which contained carbon-dioxide canisters, used for hydroponic marijuana production, identical to those found in the warehouse. Lozano had $1,000 in cash in his pocket when he was arrested in the van. Further, a cooperating witness, who had done electrical work in the warehouse, testified at trial that Lozano had let him into the warehouse on a previous occasion and checked the electricity once the witness completed his work. This evidence, along with other evidence presented at trial, was enough to support the jury's conclusion that Lozano was guilty of the charged conduct.

■ While the admission of a co-conspirator's guilty-plea allocution was error in light of the Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), we find that the error was harmless beyond a reasonable doubt in light of the ample additional evidence of guilt presented in this case. *See United States v. McClain,* 377 F.3d 219, 222 (2d Cir.2004).

■ We find no prejudicial error regarding Lozano's claim that the government, during its closing argument, improperly suggested that its cooperating witness was truthful, that it possessed evidence of Lozano's guilt beyond that admitted at trial, and that the defense was attempting to distract the jury from the evidence.

We have carefully considered Lozano's remaining arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**. This case is **REMANDED** for further proceedings, however, in light of *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005).